United States District Court
Southern District of Texas

**ENTERED**

December 15, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| NRT Texas LLC d/b/a Coldwell Banker Realty and Coldwell Banker United, Realtors, | § § § § § | |
| *Plaintiff,* | § § § | Case No. 4:22-cv-02847 |
| v. | § § | |
| Jennifer Wilbur, Taffie Dolson, Catherine Johnson, Linda Sheinall, and Stacy Incorporated c/b/a Berkshire Hathaway Homeservices Premier Properties, | § § § § § § § | |
| *Defendants.* | § § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Defendant Linda Sheinall filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff NRT Texas LLC ("NRT") has no right to enforce certain employment agreements that she executed with her employer, Coldwell Banker United Realtors. Dkt. 36. After carefully reviewing the motion, *id.*, response, Dkt. 47, NRT's pleading, Dkt. 1, and other information appropriately considered at this stage, it is recommended that Sheinall's motion be denied.

## Background

The background of this case was detailed in a prior ruling recommending that the Court issue a temporary restraining order.  Dkt. 26.  Thus, only a few salient facts are addressed here.

On March 2, 2015, Sheinall executed both a non-solicitation agreement and a confidentiality and non-disclosure agreement (the "Agreements") with her employer, "Sandion, Ltd. d/b/a Coldwell Banker United, Realtors ('CBUR')," in conjunction with her hiring as a branch manager in CBUR's Pearland office.  Dkt. 1, Ex. K at 1; *id.*, Ex. L at 1.  The Complaint explicitly alleges that NRT is a "third-party beneficiary or permitted assignee" of those Agreements entitled to enforce them.  Dkt. 1 ¶ 102.  NRT further alleges that Sheinall breached the non-solicitation restriction by directly or indirectly recruiting Coldwell Banker agents to leave for employment with Sheinall's subsequent employer, Premier.  *Id.* ¶ 106; *see also id.* ¶ 7 (alleging that Sheinall joined Premier on July 29, 2022).

As a separate claim, NRT alleges that Sheinall civilly conspired with other defendants.  *Id.* ¶¶ 150-56.  The object of their alleged conspiracy was to unfairly compete with NRT, induce other defendants to breach their obligations to NRT —including by recruiting-away NRT agents, and misusing NRT's confidential information.  *Id.* ¶ 153.

**<u>Legal Standard</u>**

To survive dismissal under Rule 12(b)(6), a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**<u>Analysis</u>**

Sheinall asserts that she "has not entered into a restrictive covenant with" NRT—only with CBUR—such that "[t]here is no valid claim for relief ...." Dkt. 36-1 ¶ 6. NRT responds that Sheinall's contention is properly characterized as either a challenge to its capacity to sue, or to its standing to enforce the Agreements, and that NRT's has both the capacity and standing to sue. Dkt. 47 at 4-11.

NRT aptly notes that Sheinall's arguments are limited to NRT's breach of contract claim. *Id.* at 4. Sheinall's motion neither acknowledges nor addresses NRT's claim for civil conspiracy. *See* Dkt. 1 ¶¶ 150-56. Because that claim alleges Sheinall conspired to induce other defendants to breach their agreements with NRT (among other things), *id.* ¶ 153, NRT's alleged lack of privity with respect to Sheinall's Agreements is irrelevant. There is no basis for dismissing the civil conspiracy claim.

3

As for the breach of contract claim, Sheinall correctly frames the issue as a merits issue governed at this stage by Rule 12(b)(6).[1]  Because Sheinall contends that NRT lacks a contractual right to enforce the non-solicitation provision, her challenge "doe[s] not go to the court's subject matter jurisdiction, but [is] instead part of the inquiry into the merits of a particular claim." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350 (5th Cir. 2021); *see also, e.g.*, *Tesoro Ref. & Mktg. Co. v. C.A.R. Enters., Inc.*, 2018 WL 6050603, at *6 n.11 (W.D. Tex. Nov. 19, 2018) (holding "whether Western is a proper party to assert a breach of contract claim against any of the Defendants is a merits issue, since one of the elements of the breach of contract claim is that the plaintiff is a proper party to bring suit as either (1) a party to the contract, (2) an assignee of parties to the contract, (3) an agent entitle to sue on behalf of parties to the contract, or (4) an intended third-party beneficiary of the

---

[1] The same standard applies even if the question concerns NRT's capacity to sue.  Although Rule 12(b) does not specifically authorize a motion to dismiss based on lack of capacity to sue, "[f]ederal courts ... traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes, ... such as motions raising ... a lack of capacity to sue or be sued."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2012).  Consistent with that principle, numerous district courts have addressed a plaintiff's alleged lack of capacity to sue through a Rule 12(b)(6) motion.  *See, e.g.*, *Spearwood Trust v. JPMorgan Chase Bank, Nat'l Ass'n*, 2013 WL 12393978, at *2 (W.D. Tex. Feb. 27, 2013) (granting Rule 12(b)(6) because the plaintiff was not the trustee entitled to sue for losses to the trust); *Formcrete, Co. v. NuRock Constr., LLC*, 2007 WL 2746812, at *1 (E.D. Tex. Sept. 19, 2007) ("A challenge to a plaintiff's lack of capacity to sue ... may be brought as a Rule 12(b)(6) motion.").

contract"). Whether a plaintiff possesses contractual standing "is distinct from Article III standing and does not implicate subject-matter jurisdiction." *Maxim Crane Works, L.P.*, 11 F.4th at 350-51 (quoting *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020)).

There is no dispute that parties agree that NRT's entitlement to enforce the Agreements is governed by Texas law.  And because the issue was raised in a Rule 12(b)(6) motion, the Court accepts "all well-pleaded facts as true" and views them "in the light most favorable to [NRT]."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quote omitted).  The Court also can consider documents referenced and incorporated in the Complaint and any facts for which judicial notice is appropriate.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice of publicly available documents containing matters of public record when resolving Rule 12(b)(6) motion).

Under Texas law, an assignee to a contract stands in the shoes of the assignor, obtaining the same rights held by the assignor.  *See Capitan Enters. Inc. v. Jackson*, 903 S.W.2d 772, 775-76 (Tex. App.—El Paso 1994, writ denied) (collecting authorities for these principles).  Moreover, "[w]hen one business entity is acquired in its entirety by another, in the absence of specific terms to the contrary, both the liabilities and assets of the acquired company are transferred to the purchaser."  *Duke Energy Field Servs. Assets, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 68 S.W.3d 848, 851 (Tex. App.—

5

Texarkana 2002, pet. denied).  Under that principle, "[a] successor corporation is typically invested with the rights and assumes the burdens of the predecessor corporation." *Id.* (citing, *inter alia*, *Procter v. Foxmeyer Drug Co.*, 884 S.W.2d 853 (Tex. App.—Dallas 1994, no writ)).

Sheinall's Agreements with CBUR—which are attached to and referenced in the Complaint, Dkt. 1 ¶ 49 & n.40; *id.*, Exs. K & L—provide that they "shall be binding on, and shall inure to the benefit of, the parties hereto *and their respective ... successors and assigns ....*" *Id.*, Ex. K ¶ 6(c), Ex. L ¶ 6(c). The Complaint alleges that NRT is entitled to enforce the Agreements as an assignee of CBUR.  Dkt. 1 ¶ 102.  This allegation is bolstered by public documents reflecting that NRT acquired CBUR—the counterparty to Sheinall's Agreements—later in 2015 and then began using the CBUR name. Dkt. 47-1, Ex. 1 at 26 (stating in SEC Form 10Q: "During the six months ended June 30, 2015, NRT acquired five real estate brokerage related operations including Coldwell Banker United ...."); *id.*, Ex. 2 (May 19, 2015 Assumed Name Certificate, filed with Texas Secretary of State).  The Court takes judicial notice of those documents.  *See Lovelace Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (affirming judicial notice, at Rule 12(b)(6) stage, of legally-required SEC disclosures); *Palma v. Genesis Cmty. Mgmt., Inc.*, 2018 WL 2291404, *2 n.2 (S.D. Tex. May 2, 2018) (taking judicial notice of Texas Secretary of State records at Rule 12(b)(6) stage), *report and*

6

*recommendation adopted*, 2018 WL 2289341 (S.D. Tex. May 18, 2018); *see also* Fed. R. Evid. 201(b)(2), (d) (authorizing judicial notice, "at any stage of the proceeding" of facts "not subject to reasonable dispute" that are "readily determined from sources whose accuracy cannot reasonably be questioned").

The pleading, attachments, and public information confirm that NRT has plausibly alleged its entitlement to enforce the Agreements against Sheinall, as the successor to and assignee of CBUR's rights under those Agreements.  Accordingly, Sheinall's motion to dismiss should be denied.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Defendant Linda Sheinall's Motion to Dismiss (Dkt. 36).

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on December 15, 2022, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge